```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

KENNEDY DUFIELD COLSON, JR.,

       Plaintiff,

    v.                                     CIVIL ACTION
                                        NO. 22-10357-PBS

SUFFOLK COUNTY BOSTON,

       Defendant.

## ORDER

SARIS, J.                                                April 20, 2022

    1.   Plaintiff Kennedy Dufield Colson, Jr.'s ("Colson") complaint is subject to screening under 28 U.S.C. § 1915A because he is a prisoner. That statute requires federal courts to dismiss an action if, among other things, it fails to state a claim on which relief may be granted. See id. In conducting this review, the Court liberally construes Colson's complaint because he is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). This Court also "has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

2.   Colson shall by **May 12, 2022** file an amended complaint that cures the deficiencies below, or this action will be dismissed.

First, this Court is without diversity jurisdiction under 28 U.S.C. § 1332.  "The burden of establishing federal diversity jurisdiction rests on . . . the party invoking federal jurisdiction." Carrozza v. CVS Pharm., Inc., 992 F.3d 44, 51 (1st Cir. 2021).  On the face of the complaint, Colson claims diversity jurisdiction pursuant to 28 U.S.C. § 1332.  "Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand." Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)).

Colson identifies himself as a Massachusetts citizen and the defendant, Suffolk County, as a Massachusetts citizen.  On the face of the complaint Colson has pleaded non-diverse parties.  In any event, Suffolk County is an abolished county of the Commonwealth of Massachusetts, and all of its functions, duties and responsibilities were transferred to the Commonwealth by statute. See Creach v. Dookhan, CV 20-10714-RGS, 2021 WL 4122131, at *1 (D. Mass. Sept. 9, 2021) (dismissing Suffolk County and citing Mass. Gen. Laws ch. 34B, §§ 1, 4).  The Commonwealth of Massachusetts is not a citizen of any state for

purposes of diversity jurisdiction under 28 U.S.C. § 1332.  <u>In re Fresenius Granuflo/NaturaLyte Dialysate Products Liab. Litig.</u>, 76 F. Supp. 3d 268, 275 (D. Mass. 2015).  Accordingly, the Court is without federal diversity jurisdiction and the action, absent a federal claim or other basis of jurisdiction, is subject to dismissal.

Second, while Colson might or might not have other claims against this or other potential defendants (a point on which this Court takes not position), the complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why— although why, when why means the actor's state of mind, can be averred generally." <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004).  Colson's complaint is not a "plain" statement of claim.  Rather it is conclusory, vague, and, perhaps, covers unrelated claims against multiple, unidentified parties.  Accordingly, Colson's amended complaint must clearly identify the claims and relief he seeks as to each

defendant and must provide sufficient factual bases for each of the elements of each claims that he asserts.  The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  He must identify all of the parties in the caption. Fed. R. Civ. P. 10(a).  Because an amended complaint completely supersedes the original complaint, and is a stand-alone document, Colson should assert in her amended complaint any plausible allegations in the original complaint that state a claim that he wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).  The amended complaint will be further screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §1915A.

    3.   Failure to comply with this Order will likely result in dismissal of this action.  Summonses shall not issue pending further order of the Court.

**So Ordered.**

                                            /s/ Patti B. Saris
                                            UNITED STATES DISTRICT JUDGE